IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HARRISON L. SPENCER, | ) | |
| SANDRA L. SPENCER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:15CV37 |
| | ) | |
| SUNTRUST MORTGAGE, INC, | ) | |
| GOVERNMENT NATIONAL MORTGAGE | ) | |
| ASSOCIATION AS TRUSTEE FOR SECURITIZED | ) | |
| TRUST GINNIE MAE REMIC TRUST 2008-71, | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| DOES 1 THROUGH 100, INCLUSIVE, | ) | |
| BROCK & SCOTT, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Motions to Dismiss filed by Defendants

SunTrust Mortgage, Inc. [Doc. #17], Brock and Scott, PLLC [Doc. #22], and Select Portfolio

Servicing, Inc. [Doc. #25]. Plaintiffs Harrison and Sandra Spencer ("Plaintiffs"), proceeding pro

se, bring claims in this case primarily challenging certain state court foreclosure proceedings that

resulted in the foreclosure sale of their home. Plaintiffs originally filed this case in the state court

where the foreclosure proceedings occurred, but Defendants removed the matter to this Court.

However, as discussed below, to the extent Plaintiffs seek review of a state court foreclosure

order, this Court lacks subject matter jurisdiction over those claims. To the extent Plaintiffs

attempt to assert other claims, Plaintiffs have failed to state a claim upon which relief may be

granted. Therefore, the Court recommends that all claims against Defendant Brock & Scott,

PLLC be remanded to state court, that Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss be granted in part pursuant to Federal Rule of Civil Procedure 12(b)(6), but that any claims related to a review of the state foreclosure proceeding be remanded, and that Defendant SunTrust Mortgage, Inc.'s Motion to Dismiss be granted in part but that the claims related to a review of the state foreclosure proceeding be remanded.

I.      FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiffs filed this civil action in Guilford County, North Carolina, state court for declaratory relief and damages related to the 2014 foreclosure sale of their home. Defendants removed the case to this Court. The property at issue is located at 2633 Dandelion Drive, High Point, North Carolina ("the property"). Plaintiffs name three Defendants in the body of their Complaint: (1) SunTrust Mortgage, Inc., ("SunTrust"); (2) Government National Mortgage Association ("Ginnie Mae"); and, (3) Select Portfolio Servicing, Inc., ("Select Portfolio"). (Compl. [Doc. #4], at 2-3.) Defendant SunTrust was Plaintiffs' original lender when they purchased their home in July 2008. (See Deed of Trust and Note [Doc. ## 4-5 & 4-6].) Defendant Select Portfolio is alleged to be the "present servicer" of Plaintiffs' mortgage loan. Defendant Ginnie Mae is referred to as the trustee of the "Ginnie Mae REMIC Trust 2008-71" in the caption of Plaintiffs' Complaint.

Plaintiffs did not name Brock & Scott, PLLC, ("Brock & Scott") as a defendant in the body of their Complaint or in the caption. However, Plaintiffs served a copy of the Summons and Complaint on Brock & Scott. (See Summons [Doc. #5].) Thus, Brock & Scott has filed

2

the Motion to Dismiss that is now under consideration. In addition, Plaintiffs included "Does 1 through 100, inclusive" as Defendants in the caption of their Complaint.

Plaintiffs allege that after purchasing their home in 2008, Plaintiff Sandra Spencer lost her job, which led to the couple entering into a modification of their mortgage loan. They entered into this modification with Defendant SunTrust in 2009. (Compl. at 4.) However, after two payments were made, Plaintiffs realized that the modification was unaffordable based on their income and budget. (Id.) Plaintiffs allege that in 2012, Defendant SunTrust transferred to Defendant Select the responsibility of servicing Plaintiffs' loan. (Id.) Plaintiffs' property was foreclosed upon and sold at public auction in December 2014. Plaintiffs complain of an array of problems surrounding their mortgage loan as discussed below.

For the most part, the Court finds that Plaintiffs' claims may not be heard in this Court pursuant to the Rooker-Feldman doctrine, because the claims require review of the state court order allowing the foreclosure sale of Plaintiffs' property. These claims must be remanded to the state court because this Court may not exercise subject matter jurisdiction over the claims. To the extent that Plaintiffs attempt to assert any claims that do not involve a review of the state court foreclosure order, the Complaint fails to state a claim upon which relief may be granted and should be dismissed on that basis.

II.    DISCUSSION

1.    Standard

A plaintiff fails to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) when the complaint does not "contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In addition, the "Rooker-Feldman doctrine" prohibits federal district courts from asserting subject matter jurisdiction for the purpose of reviewing state court decisions. See D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923). Thus, a party that loses in state court is "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that, under the Rooker–Feldman doctrine, a federal court cannot assert jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Pursuant to this doctrine, Plaintiffs in the present action may not assert claims that "ask this court to determine that the state foreclosure order is invalid or wrongly decided." Harris v. SunTrust Mortgage, Inc., No. 12-CV-378, 2013 WL 1120846, at *3 (M.D.N.C. Mar. 18, 2013) (holding that the state court clerk's unappealed findings in a state court foreclosure proceeding pursuant to N.C. Gen. Stat. § 45-21.16 were binding on this Court).

In this case, an "Order to Allow Foreclosure Sale" on Plaintiffs' property was filed in the Guilford County Clerk of Superior Court's office on August 19, 2014. (Br. Ex. A [Doc. #18-1].) This public record shows that the Clerk found that DLJ Mortgage Capital, Inc., "is the holder of the note sought to be foreclosed and it evidences a valid debt owed by [Plaintiffs]." The Order also shows that the Clerk found that the Note was in default and the instrument securing the debt gave the noteholder the right to foreclose under a power of sale. (Id.) Further, the Order shows that the Clerk found that "the debtors have shown no valid legal reason why foreclosure should not commence." (Id.) The Clerk therefore allowed the substitute trustee to proceed to foreclose and to conduct a foreclosure sale. These findings by the state court clerk were made in accordance with the North Carolina statutory scheme which regulates non-judicial foreclosures. See N.C. Gen. Stat. § 45-21.16 (2013). That scheme allows the losing party before the Clerk to appeal to a judge of the district or superior court within ten days after the Clerk's findings are made. Id. Defendants argue, and Plaintiffs do not dispute, that Plaintiffs did not appeal the findings against them made by the Clerk. The present suit was filed after the foreclosure order was entered, and therefore, to the extent Plaintiffs challenge or seek review of that state court foreclosure order, this Court lacks subject matter jurisdiction of those claims pursuant to the Rooker-Feldman doctrine.

Because this case was removed from state court, if the Court lacks subject matter jurisdiction over these claims, remand to the state court is required. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

5

jurisdiction, the case shall be remanded.").  In this regard, the Court notes that other courts

considering cases in a similar procedural posture have concluded that remand is required:

> Although the Bank Defendants seek dismissal of these claims, which the Court
> agrees are without merit, dismissal is unfortunately not within the discretion of
> this Court. The Bank Defendants cite several cases, including binding precedent
> from the 6th Circuit as well as previous foreclosure cases brought by Plaintiff's
> counsel in this District, which were all dismissed pursuant to the
> Rooker–Feldman doctrine. All of these cases, however, involved complaints
> initially filed in federal court by plaintiffs who lost in state court. None of the
> cited authority includes actions brought in state court which were later removed
> to federal court. Here, Plaintiff filed his complaint in state court, and the Bank
> Defendants removed the case to this district. "If at any time before final
> judgment it appears that the district court lacks subject matter jurisdiction, the
> case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). The
> Rooker–Feldman doctrine is jurisdictional in nature, and the words of § 1447(c)
> are unambiguous. Because the Court lacks jurisdiction over [certain counts], it
> must remand them and is precluded from addressing the Bank Defendants
> arguments and dismissing these claims on their merits.

Battah v. ResMAE Mortg. Corp., 746 F. Supp. 2d 869, 874 (E.D. Mich. 2010); see also Mills

v. Harmon Law Offices, P.C., 344 F.3d 42, 45 (1st Cir. 2003) (ordering district court to remand

claims that were barred by the Rooker-Feldman doctrine); Murray v. Midland Funding, LLC,

Civil No. JKB-15-0532, 2015 WL 3874635 (D. Md. June 23, 2015) (remanding claims barred by

the Rooker-Feldman doctrine); Mallory v. Cty. of Wayne, Civil No. 09-14358, 2010 WL 2632196

(E.D. Mich. June 29, 2010) (remanding claims barred by the Rooker-Feldman doctrine).

The Court therefore considers these issues in the present case with respect to each of the

Motions to Dismiss filed by Defendants.

6

2.      Motion to Dismiss as to Defendant Brock & Scott

Defendant Brock & Scott moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, and Rule 12(b)(4) for insufficient process. Brock & Scott contends that its only role connected to Plaintiffs was as counsel for the substitute trustee, TSC, in the non-judicial foreclosure action before the Guilford County Clerk of Court.  (Memorandum [Doc. #23] at 4.)

Defendant Brock & Scott argues that "Plaintiffs make no allegations against [it] concerning its actions as attorney for the Substitute Trustee in the foreclosure."  (Mem. [Doc. #23] at 4.)  After a careful review of Plaintiffs' Complaint, the Court also does not find any factual allegations against Defendant Brock & Scott, and it appears that any claims that Plaintiffs attempt to bring against Brock & Scott are related to its role in the state court foreclosure proceeding and to the Plaintiffs' challenge to the foreclosure proceeding.  Accordingly, this Court lacks subject matter jurisdiction over the claims against Defendant Brock & Scott, and all claims against it must be remanded to state court.[1]  See 28 U.S.C. § 1447(c) (requiring remand of removed cases where the court lacks subject matter jurisdiction).

_____

[1] Plaintiffs earlier filed a Motion to Amend Complaint and Add Attorney [Doc. #32], in which they stated that they hoped to hire an attorney and,  with respect to amending, that they did not wish to add any causes of action but wished to change the caption of the Complaint to include Brock & Scott "and explain why the addition is necessary within the Complaint."  (Motion [Doc. #32], at 2-3.)  Plaintiffs did not attach a copy of their proposed amended complaint, as is required by this Court's local rule, nor offer any specific factual amendments. In granting Plaintiffs' Motion [Doc. #36] to the extent that additional time was granted for them to hire an attorney and respond to the pending dispositive motions, the Court advised Plaintiffs that the Court could not rule on a hypothetical amended complaint and advised Plaintiffs of the necessity of attaching a copy of their proposed amended complaint to their motion to amend.  In their Response to the Motions now at issue, Plaintiffs discuss their wish to amend their Complaint, but have still not proffered a proposed amended complaint for the Court to review.  In any event, it appears that any potential claims against Brock & Scott relate to Plaintiffs' challenge to the state court foreclosure proceeding, as discussed above.

3.      Motion to Dismiss as to Defendant Select Portfolio

Defendant Select Portfolio moves to dismiss all claims against it pursuant to Rule 12(b)(6), and also incorporates by reference the contentions raised by the other Defendants.  In support of the Motion, Select Portfolio notes that Plaintiffs refer to it specifically only in two paragraphs of their Complaint.  In paragraph 6, Plaintiffs allege that Defendant Select Portfolio is the "present servicer" of their mortgage loan.  (Compl. at 3.)  In paragraph 7, Plaintiffs allege that "[i]n 2012 SunTrust transfers the servicing to Select Portfolio Servicing who once again made it an 'intellectual crossword puzzle' to get a modification."  Plaintiffs attach to their Complaint a copy of a loan modification they entered into with Defendant SunTrust on September 3, 2009.  (Compl., Ex. 4 [Doc. #4-4].)[2]  These threadbare allegations fail to state any claim or any factual basis for a claim against Select Portfolio.

The state court filings prior to removal to this Court also include a preliminary injunction request seeking to prevent the foreclosure, contending that Select Portfolio "does not have standing to foreclose," and challenging Select Portfolio's attempts to "wrongfully foreclose." (Not. of Rem. [Doc. #1-2 at 6].)  As discussed above, to the extent Plaintiffs attempt to challenge the state court foreclosure proceeding, a review of the state court foreclosure order is outside this Court's jurisdiction, in light of the Rooker-Feldman doctrine.  Therefore, to the extent Plaintiffs include Defendant Select Portfolio in their attempt to seek a review of the state

---

[2] In ruling upon Rule 12(b)(6) motions, the Court may consider certain documents without converting the motion into a motion for summary judgment.  Such documents include "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record . . . [and] documents attached to the complaint.").

court foreclosure order, this matter is remanded to state court. To the extent Plaintiffs are attempting to assert any other claims against Select Portfolio, the Court concludes under Rule 12(b)(6) that Plaintiffs have failed to state any other claims against this Defendant.

4.    Defendant SunTrust

Defendant SunTrust was the original lender on Plaintiffs' mortgage loan, and Plaintiffs at least mention Defendant SunTrust in most of the Counts in their Complaint. As discussed above, to the extent these claims seek a review of the state court foreclosure order, those claims are not properly before this Court. In this regard the Court notes that the following counts raise defects in Plaintiffs' Note and/or Deed of Trust and challenge the findings made in the state foreclosure proceeding: Count III–Declaratory Relief; Count IV–Fraud in the Factum & Inducement; Count V–Constructive Fraud; Count VI–Assignment & Title Fraud/Slander of Title; Count XIII–N.C. RICO; Count XIIII–Rescission; Count XVII–Breach of Contract. Each of these counts is addressed below.

In their request for declaratory relief in Count III, Plaintiffs ask that the Court declare, by way of example, that no party is a secured creditor with authority to foreclose on their property, that any debt is unsecured, and in general that their Note and Deed of Trust is not valid. (Compl. ¶ 13.)

In Count IV, Plaintiffs claim that their "note is barred in whole or in part because the Note is void by virtue of fraud in the factum and inducement." (Id. ¶ 26.) Plaintiffs also allege in this Count that "there can be no holder in due course" for their Note and that "Plaintiffs['] signature on the instrument is ineffective because the Plaintiff did not intend to sign such an

9

instrument at all." (Id.) Plaintiffs further claim that at closing they were never told of a "securitization [] scheme being perpetrated by Defendants." (Id. ¶ 28.) They allege that at closing they relied upon the representations of Defendant SunTrust, and it did not reveal this alleged "scheme." (Id. ¶ 29.)

In Count V, Plaintiffs assert a claim of constructive fraud. (Id. ¶¶ 30-31.) They claim that they were induced into executing the Note by fraud and that the Note is void.

In Count VI, Plaintiffs allege that assignments of their Note were fraudulent, the Deed of Trust was "a nullity and void" (id. ¶ 52), and that "the creation and recording of a fraudulent and fabricated assignment of Deed of Trust and the publication of a fraudulent chain of title and ownership of the Plaintiff's promissory note constitutes a slander to the title of the property."

In Count XIII, Plaintiffs allege a violation of the North Carolina RICO statute. The North Carolina RICO Act (N.C. Gen. Stat. §§ 75D-1, et seq.), prohibits any person from "engag[ing] in a pattern of racketeering activity," conducting or participating in an enterprise through a pattern of racketeering activity, or conspiring to do the same acts. N.C. Gen. Stat. § 75D-4(a). Plaintiffs allege that the RICO "enterprise" is the "foreclosure/default servicing enterprise which consists of special servicers, default servicers, servicers, sub-servicers, computer system suppliers, foreclosure mill law firms, title companies and others who have conspired together to create and fabricate False, forged, and false assignments of security deeds." (Compl. ¶ 104.) Plaintiffs further allege that the enterprise has created "a false chain of title and ownership interests in title to real estate that are unlawfully foreclosed upon to obtain pecuniary gain" for members of the enterprise. (Id.) Plaintiffs allege as racketeering activities the offenses

10

of extortion and mail fraud.  (Id. ¶ 105.)  Defendant SunTrust argues that Plaintiffs' North Carolina RICO claim against it should be dismissed because the facts alleged do not allow the Court to infer a "pattern of racketeering activity."  Plaintiffs do not clearly allege that Defendant SunTrust has committed the acts summarized above or is a member of such an "enterprise."  Assuming that Plaintiffs are alleging that Defendant SunTrust committed such acts in connection with their mortgage loan, their allegation must be that Defendant SunTrust's RICO actions resulted in a false chain of title and an unlawful foreclosure of their mortgage loan.

In Count XIIII, Plaintiffs seek to have the Note and Deed of Trust rescinded "due to Defendant SunTrust and Defendant Ginnie Mae's Trust's fraud in the inducement and subsequent fraud."  (Id. ¶ 107.)

And in Count XVII, Plaintiffs allege breach of contract based upon several allegations that the Note holder breached provisions of the Note and/or the Deed of Trust.  As a result, Plaintiffs contend that neither the Note nor Deed of Trust is valid and binding.  (Id. ¶ 124.)

As discussed above, an "Order to Allow Foreclosure Sale" on Plaintiffs' property was filed in the Guilford County Clerk of Superior Court's office on August 19, 2014.  (Br. Ex. A [Doc. #18-1].)  That Order included findings by the state court clerk in accordance with the North Carolina statutory scheme which regulates non-judicial foreclosures, and Plaintiff did not appeal the order to district or superior court.  See N.C. Gen. Stat. § 45-21.16.

In the claims outlined above, Plaintiffs contend that the Note and/or Deed of Trust associated with their mortgage loan are not enforceable.  To adopt this argument, this Court would have to review and overrule the state court Clerk's finding that the Note is a "valid debt,"

11

that there is a rightful noteholder, that the Note is in default, and that the Deed of Trust gives the noteholder the right to foreclose under a power of sale. See also Harris v. SunTrust Mortgage, Inc., 2013 WL 1120846 (finding that the state court clerk's unappealed findings pursuant to N.C. Gen. Stat. § 45-21.16 were binding on this Court and that pursuant to the Rooker-Feldman doctrine, plaintiffs may not assert claims for quiet title or similar claims that "ask this court to determine that the state foreclosure order is invalid or wrongly decided."). Therefore, the claims set out above are barred under the Rooker-Feldman doctrine. Because these claims are barred by the Rooker-Feldman doctrine, the Court lacks subject matter jurisdiction over these claims and remand to the state court is required.

Moreover, to the extent any of the remaining claims are not barred by the Rooker-Feldman doctrine, the Court recommends that they be dismissed as set out below.

a.    Count VII

In Count VII, Plaintiffs allege violations of North Carolina's Residential Mortgage Act, mortgage fraud, and promissory estoppel. A review of the Count reveals that the only named Defendant is Ginnie Mae. (Compl. [Doc. #4] ¶¶ 59-65.) On July 20, 2015, the Clerk sent a letter to Plaintiffs advising them that they had failed to effect service upon Defendant Ginnie Mae within the allowed time under the Federal Rules of Civil Procedure. It is not clear whether Plaintiffs have now effected service of process. However, in any event, it appears that this claim also challenges the validity of the Note and the state court foreclosure, and would be outside this Court's subject matter jurisdiction and would therefore be included within the remand discussed herein. The Court also notes that in other state court filings in this case prior to removal,

12

Plaintiffs challenged the state court foreclosure proceedings, contending that Ginnie Mae "does not have standing to foreclose." It thus appears that any claims against Defendant Ginnie Mae would relate to a review of the state court foreclosure proceedings and will be remanded.

      b.     Count VIII

In Count VIII, Plaintiffs allege a violation of the federal Fair Debt Collection Act ("FDCA"). Plaintiffs allege that "Defendants" have held themselves out to be debt collectors while "collecting on a debt purportedly owed to them by Plaintiff," have not properly accounted for mortgage payments made, and have failed to provide evidence of a secured debt. (Id. ¶¶ 67-69.) Defendant SunTrust argues that it is not a "debt collector" under the Act. Instead, it argues that it was the noteholder and mortgage servicer until 2012, and that Plaintiffs have not alleged that it engaged in any conduct with respect to the Note after that time.

Under the terms of the Act, an entity is a "debt collector" if it "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or if it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); Ramsay v. Sawyer Prop. Mgmt. of Maryland, LLC, 948 F. Supp. 2d 525, 531 (D. Md. 2013).

Although Plaintiffs allege that "Defendant SunTrust [is a] debt collector[] as defined by the Federal Fair Debt Collection Practices Act" [Doc. #4 ¶ 70], this is a legal conclusion devoid of the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Plaintiffs have not pleaded facts which allow the Court to reasonably infer either that Defendant SunTrust's principal purpose

13

is the collection of debt or that it was attempting to collect a debt owed to another when it took the actions of which Plaintiffs complain. Therefore, Plaintiffs fail to state a claim against Defendant SunTrust in Count VIII.

c.      Count IX–Negligent Supervision

In Count IX, Plaintiffs claim that Defendant Ginnie Mae "had full and complete knowledge that its employees and agents were engaged in widespread mortgage fraud" and had a duty to report such fraud and abuses to investors and regulatory agencies. (Compl. ¶ 73.) Plaintiffs further allege that Defendant SunTrust "took over Ginnie Mae from the F.D.I.C. in 2008" and had "knowledge of the tortious interference, frauds and abuses of Defendant." (Id.) Plaintiffs charge that Defendant SunTrust allowed "misappropriation of payments and fraudulent and fabricated assignments or [sic] deeds of trust and mortgages across the nation." (Id.) Finally, Plaintiffs allege that their loan was "one of those loans that was not properly accounted for." (Id.)

In order to state a claim for negligent supervision in North Carolina, Plaintiffs must establish (1) that an incompetent employee committed a tortious act resulting in injury to the plaintiff; and (2) that prior to the act, the employer knew or had reason to know of the employee's incompetency. <u>Smith v. First Union Nat'l Bank</u>, 202 F.3d 234, 249-50 (4th Cir. 2000). Here, Plaintiffs have not sufficiently alleged a tortious act committed by an incompetent employee which resulted in injury to Plaintiffs. Therefore, this clam should be dismissed as to Defendant SunTrust.[3]

_____

[3] As noted previously, to the extent that Plaintiffs have raised claims challenging the enforceability of the Note or Deed of Trust based on fraud or constructive fraud, those claims are not properly before this Court

14

d.      Count X–Tortious Interference with Contract and Business Relationship

Plaintiffs allege that they executed a contract with the noteholder and lender but "Defendants have . . . intentionally interfered with that relationship by not identifying the Defendant Trust as the purported owner and holder of [Plaintiffs'] note or its relationship and authority given to any other Defendant to act on the Defendant Trust's behalf." (Compl. ¶ 78.) Plaintiffs further allege that Defendant SunTrust "represented itself to the Plaintiff that it is the owner and holder of the note and that Plaintiff may communicate with them and not the Defendant Trust about their loan." (Id. at 79.) Plaintiffs generally allege that "Defendants" have refused to allow Plaintiffs to inspect records and identify a true holder in due course. (Id. at 80.) According to Plaintiffs, Defendant SunTrust interfered with Plaintiffs' ability to pay off their Note by "providing misleading and deceptive representations" and "fraudulent[ly] fabricating and using forged assignments of security deeds." (Id. at 84.)

To state a claim for tortious interference with contract in North Carolina, a plaintiff must allege: (1) a valid contract between the plaintiff and a third party which confers upon plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to plaintiff. United Labs., Inc. v. Kuykendall, 370 S.E.2d 375, 387 (N.C. 1988).

Defendant SunTrust argues that this claim fails because Plaintiffs do not allege facts demonstrating that SunTrust intentionally induced a third party not to perform its contract with

---

pursuant to the Rooker-Feldman doctrine, since these claims seek review of the state court foreclosure order, and those claims will be remanded to state court as previously discussed.

Plaintiffs. Plaintiffs have failed to allege facts identifying any third party with which they have a valid contract. They have failed to allege facts showing that Defendant SunTrust knew of such contract or that Defendant SunTrust intentionally induced this third party not to perform the contract without justification. As Defendant SunTrust argues, Plaintiffs' original mortgage contract was with it. (<u>See</u> Note [Doc. #4-5] and Deed of Trust [Doc. #4-6].)

Accordingly, Plaintiffs have failed to allege sufficient facts to state a claim for interference with contract against Defendant SunTrust.

e.      Count XI–Violation of Fiduciary Duty

Plaintiffs do not make any allegations of fact specifically against Defendant SunTrust in Count XI. "Defendant Trust" is the only defendant specifically named in this Count. Plaintiffs make allegations against "Defendants" generally, however. To the extent that these allegations may be treated as being made against Defendant SunTrust, they accuse Defendant SunTrust of breaching its fiduciary duties by "fraudulently inducing [Plaintiffs] to enter into a mortgage transaction which was contrary to [their] stated intentions; contrary to [their] interests; and contrary to the preservation of [their] property." (Compl. [Doc. #4] ¶ 91.) Therefore, any claim against Defendant SunTrust would be based upon Plaintiffs' original mortgage contract with Defendant SunTrust.

Defendant SunTrust argues that there was no fiduciary relationship created between it and Plaintiffs. In North Carolina, a fiduciary relationship exists when:

> [C]onfidence on one side results in superiority and influence on the other side; where a special confidence is reposed in one who in equity and good conscience is bound to act in good faith and

with due regard to the interests of the one reposing the
confidence.

White v. Consol. Planning, Inc., 603 S.E.2d 147, 155 (N.C. Ct. App. 2004) (quoting Vail v. Vail,

63 S.E.2d 202, 206 (N.C. 1951)).  North Carolina courts have generally precluded ordinary

debtor-creditor relationships from creating such a relationship.  See Branch Banking & Tr. Co.

v. Thompson, 418 S.E.2d 694, 699 (N.C. Ct. App. 1992) ("an ordinary debtor-creditor

relationship generally does not give rise to such a special confidence . . . [and does] not create

a fiduciary relationship." (internal quotation marks omitted)).  Plaintiffs have not alleged facts

that would take their creditor-debtor relationship with Defendant SunTrust out of this rule of

general application.

  Accordingly, Plaintiffs' claim of breach of fiduciary duty against Defendant SunTrust

should be dismissed.

  f.  Count XII–Violation of Duty of Good Faith and Fair Dealing

  Plaintiffs allege in Count XII that Defendant SunTrust "routinely hid and concealed the

Note Holder from [Plaintiffs] so as to prevent [them] from exercising rights afforded" under the

Note and the ability to negotiate a payoff of the Note.  (Compl. ¶ 97.)  Plaintiffs also allege

generally that "Defendants" have failed to perform loan servicing functions for Plaintiffs; failed

to properly supervise its agents and employees; routinely made promises for modification when

it knew no modification would be granted; inaccurately calculated Plaintiffs' debt; refused to

provide Plaintiffs with the name of the lawful holder of their Note; failed to follow through on

promises; failed to follow through on contractual obligations; and failed to give Plaintiffs "the

promised modification."  (Id. ¶ 99.)

However, to the extent Plaintiffs again challenge the validity of the Note or the foreclosure, as included in Count XVII for Breach of Contract, those claims would seek a review of the state court foreclosure order and would be remanded, as previously discussed. Moreover, to the extent Plaintiffs may be attempting to state some other claim, Plaintiffs must allege sufficient facts for the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In this case, Plaintiffs' allegations regarding the lack of good faith and fair dealing lack sufficient factual support. Plaintiffs fail to allege which loan functions were not performed, how Defendant SunTrust failed to supervise their agents or employees, when Defendant SunTrust promised to allow Plaintiffs to modify their Note knowing that the modification would not be approved, what inaccurate miscalculations were made, or how Defendant failed to follow through with any other promises made.[4] The Court cannot reasonably infer from these threadbare allegations that Defendant SunTrust breached any duty of good faith and fair dealing. Therefore, this Count should be dismissed as to Defendant SunTrust.

g.      Count XV–Unjust Enrichment

In Count XV, Plaintiffs contend that Defendant SunTrust and Ginnie Mae "made it near impossible to receive a modification through the HAMP program," and that "Defendants" cannot in good conscience and equity retain the benefits of their actions such as the charging of a high interest rate, fees, rebates, kickbacks, profits and other gains related to Plaintiffs' loan.

---

[4] To the extent that Plaintiffs allege that Defendant SunTrust "routinely hid and concealed the Note Holder from" Plaintiffs, Plaintiffs do not allege factual support for this contention, and the public record shows that as of March 14, 2014, the noteholder was DLJ Mortgage Capital, Inc. ("Appointment of Substitute Trustee" filed in the Guilford County, N.C., Register of Deeds on March 14, 2014 [Doc. #23-1], at 2.)

18

To state a claim for unjust enrichment, Plaintiffs must allege: (1) that a measurable benefit was conferred on the defendant; (2) the defendant consciously accepted the benefit; and (3) the benefit was not conferred officiously or gratuitously. Primerica Life Ins. Co. v. James Massengill & Sons Constr. Co., 712 S.E.2d 670, 677 (N.C. Ct. App. 2011).

Defendant SunTrust argues, however, that a claim for unjust enrichment is not possible where the parties' relationship is governed by an express contract. See Bright v. QSP, Inc., 20 F.3d 1300, 1306 (4th Cir. 1994) ("[A]n action for unjust enrichment is quasicontractual in nature [and so it] may not be brought in the face of an express contract." (internal quotation marks omitted)). "[U]nder North Carolina law, a claim for unjust enrichment may not be brought in the face of an express contractual relationship between the parties." Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp., 825 F. Supp. 2d 664, 696 (M.D.N.C. 2011) (internal quotation marks omitted).

Plaintiffs have not alleged facts allowing this Court to draw the reasonable inference that any of the actions of Defendant SunTrust occurred outside of the period during which a contract existed between the parties. Rather, a claim against Defendant SunTrust for failing to allow Plaintiffs to modify their loan would be based upon actions occurring during the time that Defendant SunTrust owned the loan. The same is true for allegations that Defendant SunTrust improperly collected fees or otherwise improperly gained from Plaintiffs' loan.

Accordingly, Plaintiffs' claim of unjust enrichment against Defendant SunTrust should be dismissed.

19

h.      Count XVI–Attorney's Fees

In Count XVI, Plaintiffs seek attorney's fees against Defendants.  This claim is dependent upon Plaintiffs obtaining a judgment against Defendants on some other basis.  Therefore, it does not state a claim against Defendant SunTrust in and of itself.

i.      Count XVIII–Fair Debt Reporting Act

In Count XVIII, Plaintiffs allege that Defendant SunTrust violated the Fair Debt Reporting Act or the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2, by lowering Plaintiff Harrison Spencer's credit scores and not suspending reporting when "disputes were provided."  (Compl. ¶ 148.)  Plaintiffs also allege that Defendant SunTrust made false representations to Plaintiffs.  (Id. ¶ 158.)

Under the FCRA, furnishers of credit information must report accurate information to consumer reporting agencies regarding a consumer's credit.  See 15 U.S.C. § 1681s-2(a).  The Act also sets out the duties of furnishers of information upon notice of a dispute.  Id. § 1681s-2(b).  Plaintiffs' claims would arise under these two sections.  However, there is no private right of action under subsection (a).  Saunders v. Branch Banking & Tr. Co., 526 F.3d 142, 149 (4th Cir. 2008) (The "FCRA explicitly bars private suits for violations of § 1681s-2(a), but consumers can still bring private suits for violations of § 1681s-2(b).").  Moreover, subsection (b) applies only where the furnisher of information has received notice from the consumer reporting agency of a dispute.  "[N]otice by a consumer directly to the furnisher of the information does not trigger the furnisher's duties under section 1681s-2(b)." Craighead v. Nissan Motor Acceptance Corp., No. 1:10CV981, 2010 WL 5178831 (E.D. Va. Dec. 14, 2010) (emphasis in original).

Plaintiffs do not allege that Defendant SunTrust received any notice from a consumer reporting agency, therefore they have not stated a valid claim for relief under the FCRA.

This Count should be dismissed against Defendant SunTrust.

j.     Count XXII–Usury & Fraud[5]

In Count XXII, Plaintiffs describe an alleged fraudulent scheme by which they were "tricked" into signing their Note and Deed of Trust. (Compl. ¶¶ 160-65.) With respect to these claims, Plaintiffs again seek to challenge the state court clerk's finding regarding these instruments. As discussed above, under the Rooker-Feldman doctrine, this Court will not review the prior state court decision.

Plaintiffs also claim that the interest rate they were charged on their mortgage loan was usurious. (Id. ¶ 167.) Defendant SunTrust argues that under North Carolina law, there is no cap on the interest rate that may be charged on a loan in excess of $25,000. Plaintiffs' mortgage loan was for an amount in excess of $250,000. (Note [Doc. #4-6] at 1.)

Under North Carolina law, the parties to a loan may contract for the payment of interest not in excess of "[a]ny rate agreed upon by the parties where the principal amount is more than twenty-five thousand dollars." N.C. Gen. Stat. § 24-1.1(a)(2); see Pappas v. NCNB Nat'l Bank of North Carolina, 653 F. Supp. 699, 706 (M.D.N.C. 1987) (rejecting usury claim under North Carolina law because the loan was for an amount over $25,000). Because Plaintiffs' loan was for an amount in excess of $25,000, and because Plaintiffs have not alleged facts that would

_____

[5] Plaintiffs do not include any claims designated as Counts 19 through 21, and instead skip to XXII.

support any other usury claim under state or federal law, this Count should be dismissed as to Defendant SunTrust.

III.    CONCLUSION

The Court therefore concludes that to the extent Plaintiffs seek review of a state court foreclosure order, this Court lacks subject matter jurisdiction over those claims.  To the extent Plaintiffs attempts to assert other claims, Plaintiffs have failed to state a claim upon which relief may be granted.

IT IS THEREFORE RECOMMENDED that Defendant Brock & Scott, PLLC's Motion to Dismiss [Doc. #22] for lack of jurisdiction be granted to the extent that all claims against it be remanded to state court, that Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss [Doc. #25] be granted in part pursuant to Rule 12(b)(6), but that any claims challenging the state court foreclosure action be remanded to state court, and that Defendant SunTrust Mortgage, Inc.'s Motion to Dismiss [Doc. #17] be granted as to Counts VII, VIII, IX, X, XI, XII, XV, XVI, XVIII, and XXII pursuant to Rule 12(b)(6) as noted above, and that the remaining Counts be remanded to state court.

This, the 24th day of August, 2015.

_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge